NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEWTECHBIO, INC., <br><br> Plaintiff, <br><br> v. <br><br> SEPTICLEANSE, INC., <br><br> Defendant. | Civil Action No. 12-5882 (TJB) (MAS) <br><br> **MEMORANDUM OPINION** |

## SHIPP, District Judge

This matter comes before the Court upon Defendant Septicleanse, Inc.'s ("Defendant" or "Septicleanse"), Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2). (Def.'s Mot., ECF No.27.) Plaintiff Newtechbio, Inc. ("Plaintiff"), previously filed an application for an order to show cause for a preliminary injunction and temporary restraining order without notice ("Plaintiff's Application" or "Application"). (*See* ECF Nos. 1, 6.) Following submission of briefing on the Application, as well as Defendant's aforementioned Motion to Dismiss, (*see* ECF Nos. 27-31), the Court heard oral argument on November 29, 2012. Oral argument was limited to the issue of personal jurisdiction.

Following oral argument, the Court dismissed without prejudice all claims against the individually named Defendants, Bradley Markin, Sabrina Garcia Loaiza, Lori Multz, and Robert Markin due to a lack of personal jurisdiction. (ECF No. 36.) The Parties were ordered "to engage in limited jurisdictional discovery solely as to the corporate Defendant," Septicleanse, Inc. (*Id.*) Plaintiff's application was denied without prejudice due to the unresolved jurisdictional issues.

Upon completion of discovery, Septicleanse filed supplemental briefing arguing that this Court lacked personal jurisdiction over it. (Def.'s Br., ECF No. 50.) Plaintiff filed supplemental opposition. (Pl.'s Br., ECF No. 53.)

The Court has carefully considered the Parties' supplemental submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, and good cause shown, Defendant's motion to dismiss for lack of personal jurisdiction is DENIED. Plaintiff is instructed to file written correspondence to the Court within ten (10) days indicating whether it seeks to have its Application for a Preliminary Injunction renewed.

## I. Background

Plaintiff filed a verified complaint ("Complaint") on September 19, 2012, against Defendant seeking to enjoin it from selling a competing septic system cleaning product and to cease and desist its allegedly unfair competition practices. (Compl., ECF No. 1.) Plaintiff markets a septic cleaning product named NT-MAX. (Compl. ¶ 5.) Along with the Verified Complaint, Plaintiff also filed the above noted Application.

Plaintiff's Complaint alleges that Defendant, on or about June 14, 2012, began to engage in a pattern of unfair competition whereby Defendant: 1) created fictitious consumer review websites that negatively reviewed Plaintiff's product, thereby negatively affecting Plaintiff's sales; and 2) purchased ads on major search engines which appear when consumers search for Plaintiff's products. (Compl. ¶¶ 12-14.) The ads are links to www.bestsepticproducts.com, sewertreatment.net and homesepticproducts.com. (*Id.* ¶ 23.) Plaintiff contends that these sites are owned and operated by Defendant with the sole purpose of denigrating Plaintiff's product and redirecting sales to Defendant's product, Septicleanse, via septicleanse.com.

2

The Complaint contains the following claims: 1) participation in a Racketeer Influenced and Corrupt Organizations ("RICO") Enterprise through a Pattern of Racketeering Activity, 18 U.S.C. § 1961(5), 1962(c), (*Id.* ¶¶ 57-61) [1]; Trade Libel and Unfair Competition, (*Id.* ¶¶ 62-66); 3) Intentional Interference with Prospective Economic Advantage, (*Id.* ¶¶ 67-73); 4) Common Law Trademark Infringement, (*Id.* ¶¶ 74-78); and 5) False Advertising – Violation of 15 U.S.C. § 1125(a), (*Id.* ¶¶ 79-86.)

Relief requested in the Complaint includes: 1) Defendant's immediate cessation of all websites that market septic system chemicals or purport to review such chemicals; 2) temporary and permanent injunctions barring Defendant from acquiring a business related to septic chemicals, denigrating Plaintiff's product, or reviewing said product; 3) an accounting of all sales made by Defendant after June 14, 2012; 4) Plaintiff's lost sales, trebled; 5) punitive damages; and 6) attorney's fees and post judgment fees required to collect any judgment. *Id.* 27-31.

## II. Analysis

### A. Personal Jurisdiction Standard

In deciding a motion to dismiss for lack of jurisdiction, "[i]t is well established ... [that] a court is required to accept plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003) (citing *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)). A Rule 12(b)(2) motion, however, "inherently . . . requires resolution of factual issues outside the pleadings, *i.e.* whether in personam jurisdiction actually lies." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). As such, "the plaintiff must sustain its burden of proof in establishing

---

[1] The Complaint, prior to the Court's November 29 Order, contained a RICO claim. That claim was dismissed as a result of the dismissal of the individual defendants.

3

jurisdictional facts through sworn affidavits or other competent evidence." *Id.* "A plaintiff can meet the burden of proof and present a *prima facie* case for the court's exercise of personal jurisdiction by 'establishing with reasonable particularity sufficient contacts between the defendant and the forum state.'" *Machulsky v. Hall*, 210 F. Supp. 2d 531, 537 (D.N.J. 2002) (quoting *Patterson v. Federal Bureau of Investigation*, 893 F.2d 595, 603–04 (3d Cir. 1990)).

Rule 4(e) authorizes a federal district court to assert personal jurisdiction over a non-resident defendant to the extent permissible under the law of the forum state in which the district court sits and if the defendant "purposely avail[ed] itself to the privileges of conducting business within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Deckla*, 375 U.S. 235 (1958)); *see Sunbelt Corp. v. Noble, Denton, & Assocs.*, 5 F.3d 28, 31 (3d Cir. 1993); *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 698 (3d Cir. 1990); Fed. R. Civ. P. 12(b)(2). New Jersey's long-arm statute "provides for jurisdiction up to the limits of the protection afforded to non-residents by the Due Process Clause of the Fourteenth Amendment." *Telecordia Tech., Inc. v. Telkom SA, Ltd.*, 458 F.3d 172, 177 (3d Cir. 2006); *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 145 (3d Cir. 1992); *see generally* N.J. Ct. R. 4:4-4.

A plaintiff may prove that the defendant has purposely availed itself of a forum by establishing specific or general jurisdiction over the defendant. *See Mesalic*, 897 F.2d at 698. Specific jurisdiction holds that "the commission of certain 'single or occasional acts' in a State may be sufficient to render a corporation answerable in that State with respect to *those acts*, though not with respect to matters unrelated to the forum connections." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011) (emphasis added) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 318 (1945)). General jurisdiction, on the other hand, entails

"instances in which the continuous corporate operations [or activities and contacts of an individual] within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Id.* at 2853 (alterations added) (quoting *Int'l Shoe*, 326 U.S. at 318).

A plaintiff meets his burden, and establishes personal jurisdiction, by demonstrating: (1) that the "defendant ha[d] constitutionally sufficient 'minimum contacts' with the forum" state; and (2) that "subjecting the defendant to the court's jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Burger King Corp.*, 471 U.S. at 474 (quoting *Int'l Shoe Co.*, 326 U.S. at 316). General jurisdiction requires "continuous and systematic" contacts of the defendants with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Here, Plaintiff has only alleged specific jurisdiction. (Pl.'s Opp'n 5.)

### a. Defendant has the Requisite Minimum Contacts with New Jersey

"The first requirement, 'minimum contacts,' has been defined as 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003) (quoting *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal.*, 480 U.S. 102, 109 (1987)) (additional internal quotations omitted). A defendant's minimum contacts with the forum state provide a substantial basis for specific personal jurisdiction if: (1) the contact is "purposefully directed" within the forum state; and (2) the plaintiff's claim results from alleged injuries that arise out of, or relate to, those activities or involves continuing obligations with residents of the forum. *Burger King*, 471 U.S. at 472-76. Moreover, personal jurisdiction does not require that the defendant physically enter the forum state. *Id.* at 476.

Minimum contacts may be established via a single set of interactions with a state. *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220 (1957).

The Third Circuit has been clear that "the mere operation of a commercially interactive website should not subject the operator to jurisdiction anywhere in the world." *Toys*, 318 F.3d at 454. The plaintiff, rather, must produce evidence that "the defendant 'purposefully availed' itself of conducting activity in the forum state, by [1] directly targeting its website to the state, [2] knowingly interacting with residents of the forum state via its website, or [3] through sufficient other related contacts." *Id.*

Jurisdictional discovery in this case revealed the following relevant facts: 1) Septicleanse processed over twenty (20) orders from customers in New Jersey over a period running from June 15, 2012, until November 24, 2012; 2) those orders totaled over $4,800; 3) those orders represented 2.3% of Septicleanse's total orders placed and represented 1.8% of its total revenue during that same time period. (Markin Supp. Decl. 2, ECF No. 50-1; Markin Supp. Decl. Ex. B, ECF No. 50-3.) These facts indicate that Septicleanse has the requisite minimum contacts with New Jersey because it has knowingly interacted with New Jersey residents. *See Toys*, 318 F.3d at 454.

An extended discussion of this issue is not required other than to note that the Court adopts the reasoning laid out by Chief Judge Simandle in *Food Sciences Corp. v. Nagler*, No. 09-1798 (JBS), 2010 WL 1186203 (D.N.J. Mar. 22, 2010). In *Nagler*, the defendant "processed a total of only six orders from New Jersey out of a total of 561 sales, with two of them ordered by the same customer in two different years, and two of them made by Plaintiff." *Id.* at *3. Even so, Judge Simandle held that minimum contacts had been established because:

> Defendant operated a website designed to solicit purchases from anywhere in the United States, and created a business structure to fill those orders. When the

structure he set up made repeated sales to New Jersey, he should reasonably have expected that he could be haled into Court in New Jersey, and yet continued processing orders from New Jersey anyway.

*Id.* at *4.

Here, the Court finds no reason to stray from the holding in *Nagler*; there is simply no evidence that Septicleanse's interactions with New Jersey were a "few stray transactions [that] happened to involve residents of the subject forum." *Id.* at *3. In fact, this is a far easier case than *Nagler*. The twenty plus sales made by Septicleanse to New Jersey residents over the course of a five month period clearly demonstrate the requisite minimum contacts.

### b. Personal Jurisdiction in New Jersey Comports with Notions of Fair Play and Substantial Justice

Several factors may be considered to ensure that maintenance of a civil action does not offend notions of fair play and substantial justice. *Burger King*, 471 U.S. at 476 (citing *Int'l Shoe*, 326 U.S. at 320). These factors include: (1) "the burden on the defendant;" (2) "the forum State's interest in adjudicating the dispute;" (3) "the plaintiff's interest in obtaining convenient and effective relief;" (4) "the interstate judicial system's interest in obtaining the most efficient resolution of controversies;" and (5) "the shared interest of the several States in furthering fundamental substantive policies." *World-Wide Volkswagen, Corp. v. Woodson*, 444 U.S. 286, 292 (1980). A defendant who purposefully directed his activities at forum residents must present a compelling case that these factors would render jurisdiction unreasonable. *Burger King*, 471 U.S. at 477.

Here, there is little question that the Court's assertions of personal jurisdiction would not offend traditional notions of fair play and substantial justice. To again quote Judge Simandle:

> There can be no question that [this forum] has a strong interest in adjudicating disputes involving the alleged infringement of trademarks owned by resident corporations. We must also give due regard to the Plaintiff's choice to seek relief

7

in [this forum]. These concerns outweigh the burden created by forcing the Defendant to defend the suit in [this forum], especially when [Defendant] consciously chose to conduct business in [this forum], pursuing profits from the actions that are now in question. The Due Process Clause is not a territorial shield to interstate obligations that have been voluntarily assumed.

*Nagler*, 2010 WL 1186203, at *5 (alteration in original) (internal quotation marks omitted) (quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1127 (W.D. Pa. 1997)).

Further discussion of the issue is not required. Plaintiff has demonstrated Defendant had the required minimum contacts and the Court's assertion of personal jurisdiction is appropriate.

### III. Conclusion

For the reasons set forth above, and for other good cause shown, Defendant's Motion to Dismiss for lack of personal jurisdiction is DENIED. Plaintiff is instructed to file written correspondence with the Court within ten (10) days indicating whether it seeks to have its Application for a Preliminary Injunction renewed. An Order consistent with this Opinion will be entered.

Dated: June 26th, 2013

**Michael A. Shipp**
**United States District Judge**