## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NEWTECHBIO INC.,** | **Civil Action No. 12-5882 (MAS)** |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM OPINION** |
| **SEPTICLEANSE, INC., et al.,** | |
| **Defendants.** | |

**BONGIOVANNI, Magistrate Judge,**

Presently before the Court is Plaintiff Newtechbio, Inc.'s (hereinafter, "Newtechbio") motion for reconsideration of the Court's Order entered November 24, 2014 denying its motion seeking permission to file its proposed Second Amended Verified Complaint.   Defendants Septicleanse, Inc., Bradley A. Markin, Robert A. Markin, Sabrina Garcia Markin, Lori Beth Kaplan Multz, Jorge Rodriguez and Sabrigl (collectively, "Septicleanse") oppose Newtechbio's motion for reconsideration and cross move for sanctions.   The Court has reviewed all arguments raised in support of and in opposition to Newtechbio's motion, including those raised in conjunction with the cross motion.   The Court considers both motions without oral argument pursuant to L.Civ.R. 78.1(b).   For the reasons stated more fully below, the motions are DENIED.

## I.     Background

The Court and the parties are very familiar with the facts underlying this matter.   As such, the Court shall neither restate the facts of this case nor repeat the arguments made in support of and in opposition to Newtechbio or Septicleanse's motions at length.   On September 19, 2012, Newtechbio filed a Verified Complaint seeking injunctive relief and damages in the

United States District Court of New Jersey.   On October 12, 2012, the Court issued an Order compelling SeptiCleanse to show cause as to why it should not be enjoined from operating websites that purport to review Newtechbio's septic chemicals or promote septic market chemicals.   Subsequently, on November 16, 2012, SeptiCleanse filed a motion to dismiss the Complaint for lack of personal jurisdiction and in opposition to the Order to show cause.

On November 29, 2012, the parties appeared before the District Court for oral argument. During oral argument, the Court entertained the motion to dismiss first, as it was the threshold issue on the Order to Show Cause.   Following SeptiCleanse's argument and a short recess, the Court dismissed the Individual Defendants from the case for lack of personal jurisdiction in New Jersey.   Subsequently, the Court ordered limited jurisdictional discovery only as to SeptiCleanse's contacts in New Jersey.   Despite this ruling, on December 4, 2012, Newtechbio filed an Amended Complaint.   The Amended Complaint redefined the alleged RICO Enterprise to include SeptiCleanse and added jurisdictional allegations against the Individual Defendants, including four additional counts against Defendant Markin.   (*See* Amended Complaint at ¶88-128).   On January 14, 2013, the Court struck Plaintiff's Amended Complaint.

On July 31, 2013, Newtechbio filed a motion for leave to amend its Complaint and provided a proposed Second Amended Complaint.   SeptiCleanse opposed the motion.   By Letter Order dated February 19, 2014, the Court denied Newtechbio's motion without prejudice and required it to file a RICO Case Management Statement by March 21, 2014.   Newtechbio filed its RICO Case Management Statement on March 20, 2014.

Thereafter, on April 3, 2014, the Court reinstated Plaintiff's motion for leave to file a Second Amended Complaint.   On November 24, 2014, the Court issued a Memorandum

Opinion and Order denying Plaintiff's motion to amend.   In doing so, the Court determined that Newtechbio could not meet the requisite distinctiveness factor of an association-in-fact enterprise under RICO, despite Newtechbio's arguments that Ms. Garcia's duties and the involvement of the search engine operators supported its distinction theory.   On December 4, 2014, Newtechbio moved to reconsider the Court's decision.   Septicleanse opposed Newtechbio's motion and cross moved for sanctions.

## III.   Analysis

### A.   Motion for Reconsideration

In this district, motions for reconsideration are governed by L.Civ.R. 7.1(i) and are considered "extremely limited procedural vehicle(s)."   *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F.Supp. 826, 831 (D.N.J. 1992).   As a result, "reconsideration is an extraordinary remedy, that is granted 'very sparingly[.]'" *Brackett v. Ashcroft*, No. Civ. 03-3988 (WJM), 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Community Org. v. Honeywell Int'l, Inc.*, 215 F.Supp.2d 482, 507 (D.N.J. 2002).   As such, a party seeking reconsideration bears a high burden and must demonstrate one of the following three grounds to establish that reconsideration is appropriate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."   *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

L.Civ.R. 7.1(i) provides that:

> Unless otherwise provided by statute or rule . . ., a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge

> or Magistrate Judge. A brief setting forth concisely the matter or
> controlling decisions which the party believes the Judge or
> Magistrate Judge has overlooked shall be filed with the Notice of
> Motion.

As is clear from the text of the Rule, the term "overlook" is the dominant term in L.Civ.R. 7.1(i).

Indeed, generally, the Rule "does not contemplate a Court looking to matters which were not

originally presented." *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F.Supp. 159,

162 (D.N.J. 1988).   Consequently, "except in cases where there is a need to correct a clear error

or manifest injustice, '[o]nly dispositive factual matters and controlling decisions of law which

were presented to the court but not considered on the original motion my be the subject of a

motion for reconsideration.'" *Guinta v. Accenture, LLP*, Civ. No. 08-3776 (DRD), 2009 WL

301920, *5 (D.N.J. Jan. 23, 2009) (quoting *Resorts Int'l*, 830 F.Supp. at 831).

      Here, Newtechbio seeks reconsideration of the Court's decision, entered November 24,

2014, denying its motion to amend.   Newtechbio maintains the Court did not consider two of its

arguments (the first involving Ms. Garcia and the second involving certain search engine

operators), either of which, if accepted by the Court, could establish the distinctiveness

requirement of the RICO statute and the viability of the Second Amended Verified Complaint.

Surprisingly, in its opening brief, Newtechbio makes no mention of the stringent standards

governing motions for reconsideration.   Rather, Plaintiff merely argues the Court "overlooked"

the two above referenced arguments and allegedly misapplied the law.

      Newtechbio first contends that while the Court determined that Garcia was an agent of

SeptiCleanse, the Court failed to make a required subsequent inquiry as to whether Garcia held a

separate role in the Enterprise.   Plaintiff alleges that the Court misapprehended the role of

Garcia as within the "ordinary business operations" of SeptiCleanse.   Plaintiff maintains that Garcia unlawfully "registers, develops and operates the marketing and sham review websites used by the Enterprise and posts fictitious reviews" (Proposed Second Amendment Complaint, Docket Entry 60, #2, ¶16c).   Newtechbio claims the distinctiveness requirement of RICO is satisfied because Garcia performed duties outside the responsibilities of an agent.   Newtechbio cites *Emcore Corp. v. PricewaterhouseCoopers LLP*, 102 F.Sup. 2d 237, 258 (D.N.J. 2000) to identify this Court's recognition that a plaintiff may satisfy the RICO distinctiveness requirement by alleging that the Individual Defendants undertook separate roles in racketeering.

As previously stated in its Opinion denying Newtechbio's motion to amend, the Court determined that Newtechbio failed to prove the distinctiveness element of a RICO claim because it could not a make a distinction between SeptiCleanse and the SeptiCleanse Enterprise.   Indeed, the Court found that the activity of the officers, employees, or agents (including that of Garcia) of SeptiCleanse "appear to correlate with commercial activities that fall within the normal scope of SeptiCleanse's business operations."   (Mem. Op. of 11/24/2014 at 14; Docket Entry No. 79). In other words, the Court found the activity of the Individual Defendants represented SeptiCleanse's alleged business operations.   In reaching this conclusion, the Court determined that the inclusion of Ms. Garcia as a member of the Enterprise did not cure the lack of distinctiveness.

In Plaintiff's proposed Second Amended Complaint, the Court considered the relevant text:   ""Garcia . . . registers, develops and operates the marketing and sham review websites used by the Enterprise and posts its fictitious reviews," and "registers and maintains the marketing and sham review websites used by the Enterprise and posts its fictitious reviews." (*Id.*

(quoting Pl. Proposed Second Amended Cmplt. ¶¶ 16(b), 76; Docket Entry No. 60-2)).   Based

upon these statements as set forth by Newtechbio, the Court concluded, "the only reasonable

inference to be drawn from these allegations is that Ms. Garcia (was) working as an agent of

SeptiCleanse undertaking the ordinary business operations of SeptiCleanse."   (*Id*.)   Thus, the

Court in no way overlooked Garcia's alleged role in the Enterprise nor did it fail to comprehend

that an agent could perform duties outside of their role as an agent.   Instead, the Court

determined that based on the facts asserted in the proposed Second Amended Verified Complaint

that did not happen here. (*Id.*)

As a second ground for reconsideration, Newtechbio argues the Court also "overlooked"

Newtechbio's argument that the inclusion of Google, Yahoo, and Bing search engine operators as

participants in the SeptiCleanse Enterprise provides the required distinctiveness for a RICO

claim.   Newtechbio relies on case law from the First Circuit to substantiate its position that a

common fraudulent purpose of all members of a RICO enterprise is not a requirement.[1]   Rather,

sharing a "common thread of purpose" is sufficient.[2]   Plaintiff utilizes case law in the Second

and Sixth circuit to further advocate its position that if the Court properly included the operators

of the search engines as participants in the alleged Enterprise, the distinctiveness element of the

civil RICO statute would have been met.[3]

---

[1]  Newtechbio cites to *U.S. v. Cianci*, 378 F.3d 71, 83, 84, 88, Footnote 9 (1ˢᵗ Cir. 2004), a
criminal RICO case, to further its opinion that all members of a RICO Enterprise do not need to
share a common fraudulent purpose; rather, members of a RICO Enterprise need only share a
"common thread of purpose".   Newtechbio argues that SeptiCleanse and the search engine
operators share a common purpose through their Internet advertising and locating websites via
key word searches.

[2]  *Id.*

[3]  *See Jacobson v. Cooper*, 882 F.2d 717 (2d Cir. 1989); *Jackson v. Segwick Claims Management
Services, Inc*., 699 F.3d 466, 480 (6th Cir. 2012)

In its Opinion, the Court was not persuaded by Newtechbio's arguments concerning Google, Yahoo and Bing, the search engine operators who were identified as members of the association-in-fact enterprise but were not named as defendants.   (Mem. Op. of 11/24/2014 at 15).   The Court determined that their inclusion in Newtechbio's proposed Second Amended Verified Complaint did not cure the lack of distinctiveness and thus could not save Newtechbio's proposed RICO claims.   In reaching this conclusion, the Court found that Newtechbio had failed to provide the Court with the legal support necessary to support its proposition otherwise.

In the context of the instant motion, Newtechbio's reliance on case law solely from other Circuits is fatal to this aspect of its request for reconsideration.   To be significant for L.Civ.R. 7.1(i), "a decision of law claimed to have been 'overlooked' must be 'controlling'" (Comment 6e to L.Civ.R. 7.1), and "[a] federal decision in a circuit other than the Third Circuit is not a controlling decision."   *Id.* (citing *Engers v. AT&T Corp.*, Civil Action No.: 98-3660 (JLL), 2006 U.S. Dist. LEXIS 85117 (D.N.J. Nov. 15, 2006)).   In light of Newtechbio's failure to cite to any law from the Third Circuit or even this District to support its arguments concerning the search engine operators, the Court finds no basis to reconsider its prior decision.

For the reasons stated above, Newtechbio's motion for reconsideration is denied. Newtechbio has failed to set forth an appropriate ground warranting reconsideration.   At best, it appears that Newtechbio simply disagrees with the Court's reasoning and decision.   The Court, however, is not obligated to, nor is it proper for Newtechbio to request that the Court "rethink what it had already thought through - - rightly or wrongly."   *Oritani S & L v. Fidelity & Deposit*, 744 F.Supp. 1311, 1314 (D.N.J. 1990).   Newtechbio has not established the existence of evidence that was previously unavailable or a change in the applicable law to warrant a motion

for reconsideration.   Furthermore, Newtechbio has similarly failed to establish a manifest error of law by the Court.   Newtechbio does not argue that the law applied or cases cited by the Court constituted an error.   Rather, it claims the Court should have construed the facts differently and should have given more weight to cases more favorable to Newtechbio's arguments.   Under these circumstances, reconsideration is not appropriate.

### B. Rule Eleven Sanctions

SeptiCleanse maintains that Rule 11 sanctions upon Newtechbio are necessary due to Newtechbio's "bullying tactics" to increase time and cost of litigation.   In relevant part, Rule 11(b) authorizes an imposition of sanctions on a party's counsel for filing documents for an improper purpose, proposing allegations that lack evidentiary support, or making frivolous arguments.   Fed.R.Civ.P. 11(b); *See Business Guides Inc. v. Chromative Communications Enterprises, Inc.*, 498 U.S. 533, 542-545 (1991)(Congress amended Rule 11 in 1983 to give courts greater authority to impose sanctions to discourage wasteful and abusive tactics.); *See also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)("the central purpose of Rule 11 is to deter baseless filings").   When evaluating conduct allegedly in violation of Rule 11, the Third Circuit has applied a reasonableness legal standard.   *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991).   In this context, reasonableness is defined as an "objective knowledge or belief at the time of filing of a challenged paper that the claim is well-grounded in law and fact".   *Id.*   Sanctions are warranted only in exceptional cases where a motion or allegation is patently frivolous or without merit.   *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d. Cir. 1988).   Thus, courts granting a Rule 11

sanction do so only when it is blatantly clear that the claim has absolutely no chance to prevail. *Id.*

Here, Defendant SeptiCleanse maintains Newbiotech is subject to Rule 11 sanctions because Newbiotech's motion to amend and motion for reconsideration were not legally warranted and were issued solely to harass the Individual Defendants, increase litigation costs, and further delay the proceedings.   Specifically, SeptiCleanse alleges that notwithstanding the District Court's findings that there is no personal jurisdiction over the Individual Defendants, SeptiCleanse filed its First Amended Verified Complaint containing similar claims against the Individual Defendants.   SeptiCleanse also alleges that Newbiotech's request to expand jurisdictional discovery to include Mr. Markin was also frivolous.

While this Court has denied Newtechbio's motion for reconsideration, the Court is not convinced that Newtechbio's proposed amended pleadings or motion for reconsideration rise to the level of egregiousness warranting a Rule 11 sanction.   Newtechbio's change in its position as to the participants alleged in the purported RICO enterprise and its subsequent Amended Complaint and Motion for Reconsideration do not constitute an "exceptional circumstance" warranting a Rule 11 sanction.   Though SeptiCleanse maintains Newtechbio's motions were frivolous because they were unwarranted by existing law and were filed in bad faith, Newtechbio's actions are not so patently unmeritorious to subject Newtechbio to sanctions.

**III.**     **Conclusion**

For the reasons stated above, Newtechbio's motion for reconsideration and Septicleanse's

cross motion for sanctions are DENIED.   An appropriate Order follows.


Dated: June 26, 2015


                                            s/ Tonianne J. Bongiovanni
                                            **TONIANNE J. BONGIOVANNI**
                                            **UNITED STATES MAGISTRATE JUDGE**